

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**09/14/2009**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 09-34419-H1-7** |
| | § | |
| **AOK Construction, L.L.C.** | § | **(Chapter 7)** |
| **d/b/a AOK** | § | |
| | § | Doc. #16 |
| **Debtor** | § | |

**AGREED ORDER GRANTING THE TRUSTEE'S AGREED MOTION**
**TO ALLOW "CARVE OUT" AND TO SURCHARGE**
**COLLATERAL PURSUANT TO 11 U.S.C. § 506(c)**

**ON THIS DAY** came to be considered the Trustee's *Agreed Motion to Allow "Carve-Out" and to Surcharge Pursuant to 11 U.S.C. § 506(c)* (the "Motion") and the Court having considered the Motion, the agreement of the parties and due notice having been given and no opposition being shown, the Court is of the opinion that this should be in all things **GRANTED.**

Whereas the Court finds that while the Motion seeks to set September 15, 2009 as the Litigation Deadline (defined below), the Trustee and Bank of America ("BoA") have agreed to extend the Litigation Deadline to October 15, 2009. Because the Trustee and BoA have agreed to enlarge the Litigation Deadline as opposed to decreasing it, no additional notice of the Motion is required. Moreover, the Trustee and BoA have agreed that the Litigation Deadline may be extended past the October 15, 2009 provided that both the Trustee and BoA agree to such extension in writing.

Based on the foregoing, and after due consideration and good cause appearing therefore, it is hereby

**ORDERED** that the Motion is Granted. It is further

1500065-1:AOKC:0002



**ORDERED** that upon the Sale[1] of the Property, the liens of BoA and the Lenders on the Property shall be released and such liens shall attach to the proceeds of the Sale (the "Proceeds"), as further provided for in the Order approving the sale.  It is further

**ORDERED** that the BoA shall hold and subsequently distribute the Proceeds on behalf of the Debtor's Estate pursuant to the terms of this Order.  It is further

**ORDERED** that the Trustee shall receive his commission on the gross Proceeds as calculated pursuant to 11 U.S.C. § 326 (the "Commission") and the Trustee shall receive reimbursement of legal fees and expenses related to the sale not to exceed Four Thousand Dollars and Zero Cents ($4,000.00) (collectively with the Commission, the "Surcharge").  It is further

**ORDERED** that the Trustee shall have until October 15, 2009 (the "Litigation Deadline") to initiate litigation against BoA or any of the Lenders in order to (i) assert any causes of action the Debtor's Estate may have against them and/or (ii) challenge any of their debt claims and/or liens against property of the Debtor's Estate (the "Litigation").  It is further

**ORDERED** that the Trustee and BoA may agree in writing to extend the Litigation Deadline without further Order of the Court, provided that such extension is in writing.  It is further

**ORDERED** that if the Trustee does not initiate the Litigation prior to the Litigation Deadline or the Trustee and BoA do not agree to an extension in writing, the Trustee thereby waives his right to initiate the Litigation or to authorize any other party to initiate the Litigation. It is further

**ORDERED** that the Litigation Deadline does not prevent the Trustee from objecting to the amount stated in any and all proof of claims or administrative claims filed by BoA or any of

---

[1]   All capitalized terms in this Order shall be defined as defined in the Motion.

the Lenders, and the Trustee can file any and all such objections after the Litigation Deadline; provided, however, that the Trustee cannot assert any claims barred by the Litigation Deadline or challenge, on any basis, the Net Proceeds paid to the Lenders as provided in this Order.

**ORDERED** that if the Trustee does not initiate Litigation against BoA or the Lenders prior to the Litigation Deadline, the Trustee, on behalf of the Debtor's Estate, shall receive Fifty Thousand Dollars and Zero Cents ($50,000.00) as a carve-out (the "Carve-Out"), and the Lenders will not participate as unsecured creditors for purposes of any distribution of the $50,000.00 Carve-Out to the unsecured creditors. It is further

**ORDERED** that if the Trustee does not initiate Litigation upon the expiration of the Litigation Deadline, after the Surcharge and Carve-Out are deducted from the Proceeds, BoA shall indefeasibly receive the remaining portion of the Proceeds (the "Net Proceeds") for the benefit of the Lenders. It is further

**ORDERED** that if the Trustee initiates Litigation prior to the Litigation Deadline, the Net Proceeds shall remain property of the Debtor's Estate held in trust by BoA. Under such circumstances, BoA shall not release or distribute any of the Net Proceeds until further order of the Bankruptcy Court. However, BoA shall still distribute the Surcharge as detailed above.

DATE: September 10, 2009

_____
HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

1500065-1:AOKC:0002

AGREED TO AND SUBMITTED BY:

*/s/ Steven Shurn*
Steven Shurn   TBN: 24013507
sshurn@hwa.com
Simon Mayer   TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, L.L.P.
333 Clay, 29th Floor
Houston, Texas 77002
Telephone (713) 759-0818
Telecopier (713) 759-6834
**PROPOSED ATTORNEY FOR DAVID ASKANASE,
CHAPTER 7 TRUSTEE**

- AND -

*/s/ Philip Lamberson\**
Philip L. Lamberson   SBN 00794134
plamberson@winstead.com
WINSTEAD, PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone     (214) 745-5180
Telecopier     (214) 754-5390
**ATTORNEY FOR BANK OF AMERICA, N.A.,
AS ADMINISTRATIVE AGENT**

**\* Signed by permission, Steven Shurn.**

1500065-1:AOKC:0002